**Original filed 8/2/06**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TONDARLAID CURTIS, | ) | No. C 05-4444 JF (PR) |
| Petitioner, | ) | ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL; GRANTING EXTENSION OF TIME TO FILE TRAVERSE |
| vs. | ) | |
| THOMAS L. CAREY, Warden, | ) | |
| Respondent. | ) | (Docket No. 7) |

Petitioner, proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On February 17, 2006, the Court granted Petitioner's motions to proceed in forma pauperis, dismissed one of Petitioner's claims, and ordered Respondent to show cause why the instant petition should not be granted as to the remaining claims. Thereafter, Petitioner filed a motion for appointment of counsel. Respondent filed an answer addressing the merits on June 15, 2006. Petitioner has not filed a traverse. The Court will DENY Petitioner's motion for appointment of counsel (docket no. 7) without prejudice and grant Petitioner an extension of time to file a traverse.

\\\

\\\

## DISCUSSION

Petitioner filed a motion for appointment of counsel. Petitioner contends that appointment of counsel is necessary because he is indigent and unable to obtain any evidence or material in support of his claims. Petitioner asks the Court to appoint counsel to seek information, evidence and material that could provide information regarding his claims. Petitioner claims that because he takes medication daily he cannot properly prepare a response See Pet's Mot. at 2-3.

The Sixth Amendment's right to counsel does not apply in habeas corpus actions. Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes appointment of counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." The decision to appoint counsel is within the discretion of the district court. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986), cert. denied, 481 U.S. 1023 (1987); Knaubert, 791 F.2d at 728; Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469 U.S. 838 (1984).

The Court concludes that the interests of justice do not require appointment of counsel at this time. The issues before the Court remain relatively straightforward and no evidentiary hearing appears necessary. Petitioner previously filed state habeas petitions in three state courts and his pleadings before this Court are concise and clear. Accordingly, Petitioner's motion for appointment of counsel (docket no. 7) is DENIED without prejudice. However, the Court will grant Petitioner an extension of time to file a traverse, if he chooses to do so. Petitioner shall file his traverse on or before **September 15, 2006.**

IT IS SO ORDERED.

DATED: 8/2/06

/S/electronic signature authorized
JEREMY FOGEL
United States District Judge

1  A copy of this order was mailed to the following:

3  Tondarlaid Curtis
   70 North Jackson Avenue Apt. # 9
4  San Jose, CA 95116

6  Ross C. Moody
   California State Attorney General's Office
7  455 Golden Gate Avenue
   Suite 11000
8  San Francisco, CA  94102-7004

Order Denying Petitioner's Motion for Appointment of Counsel; Granting Extension of Time to File Traverse
P:\pro-se\sj.jf\hc.05\Curtis444atty       3